# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>          Plaintiff,<br><br>   v.<br><br>THE CITY OF SAN DIEGO, *et al.*,<br><br>          Defendants. | Case No. 21-cv-01725-BAS-MDD<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 2);**<br><br>**AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 3).** |

## I.    BACKGROUND

On October 5, 2021, Plaintiff Eloy Mascorro, proceeding *pro se*, filed the present action against Defendants the City of San Diego, the San Diego Police Department, the San Diego Chief of Police, and unnamed police officers ("Officers 1–4"). Mascorro alleges that Defendants violated his or her constitutional rights by detaining, searching, seizing, and arresting him or her without probable cause and damaging his or her seized property.

Mascorro alleges that, in the process, several police officers committed perjury as to the cause for the arrest. In addition, Mascorro alleges that the officers acted in retaliation against Mascorro for making complaints about police misconduct.

Mascorro moves for appointment of counsel (ECF No. 2) and for leave to proceed *in forma pauperis* ("IFP") (ECF No. 3). The Court finds the motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's motion for appointment of counsel and **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.   MOTION TO APPOINT COUNSEL

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Mascorro's pleading suggests that he or she is capable of legibly articulating the facts and circumstances relevant to the claims raised in the Complaint. The Court thus declines to exercise its limited discretion to request that an attorney represent him or her

- 2 -

21cv1725

*pro bono* pursuant to 28 U.S.C. § 1915(e)(1). *See Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Agyeman*, 390 F.3d at 1103.

### III.   MOTION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency").  It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D.

Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff is unemployed, owns $20 in cash, and does not have any money in a checking, savings, or other bank account. (IFP Mot. ¶¶ 2, 4, ECF No. 3.) Plaintiff receives $238 in public assistance and $80 in "food rebates" every month but spends most of the monthly income to buy food and pay for laundry. (*Id.* ¶¶ 1, 8.) Further, Plaintiff does not own any real estate, an automobile, or any other significant assets. (*Id.* ¶ 5.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his or her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed IFP (ECF No. 3). However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others and any assistance Plaintiff may receive from family or the government.

## IV.   CONCLUSION

The Court **DENIES** Plaintiff's motion for appointment of counsel (ECF No. 2) and **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 3).

IT IS SO ORDERED.

DATED: October 12, 2021

Hon. Cynthia Bashant
United States District Judge