**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELOY MASCORRO,<br><br>                    Plaintiff,<br><br>   v.<br><br>THE CITY OF SAN DIEGO, *et al.*,<br><br>                    Defendants. | Case No. 21-cv-01725-BAS-MDD<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ACCESS COURT AND ELECTRONIC SYSTEMS**<br><br>**(ECF No. 7)** |

**I.  BACKGROUND**

Previously, the Court granted Plaintiff *in forma pauperis* ("IFP") status but denied him appointed counsel. (ECF No. 4.)  Mascorro now moves for reconsideration of the Court's denial of appointment of counsel. (ECF No. 7.)  In the same motion, Mascorro requests the Court's permission to enter the court buildings without presenting government-issued identification.  Mascorro also seeks the Court's leave to serve and file

court documents by email, and access the court electronic filing and docketing systems for free. (*Id*.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

## II.   MOTION TO ENTER COURT AND ACCESS ELECTRONIC SYSTEMS

### A.   Accessing Court Premises

Mascorro requests the Court's permission to access the courthouse without having to present a government-issued identification, so that he can save the time and cost of filing motions.  The public interest in securing the courthouse by requiring all entrants present government-issued identification outweighs Mascorro's interest to save time or costs to litigate his case.  Further, the Court will grant Mascorro leave to file documents electronically, which alleviates Mascorro's hardship from filing documents by mail.  Thus, the Court **DENIES** Mascorro's request for permission to enter the court premises without presenting a government-issued identification.

### B.   Serving and Filing Documents by E-mail

Mascorro seeks the Court's leave to file documents and receive notifications of court filings by email.  The Court construes this request as a request for permission to use the Court's CM/ECF filing system to electronically file documents and receive electronic notice of case-related transmissions.  Mascorro has sufficiently stated that he has access to the necessary equipment and software capabilities to electronically file documents.  The Court thus **GRANTS** Mascorro's motion to file documents and receive notifications using the Court's CM/ECF system  in accordance with ECF Administrative Policies and Procedures.[1]  **On or before December 22, 2021,** Mascorro must register as a CM/ECF user with the Clerk's Office.

---

[1] Available at https://www.casd.uscourts.gov/attorney/filing-procedures.aspx.

Mascorro also asks for the Court's permission to serve documents to opposing counsel by email. The Court **DENIES** this request **WITHOUT PREJUDICE**. The Court will reconsider this request once opposing counsel files an appearance.

### C. Free Access to the PACER System

Mascorro also moves for the Court's leave to gain free access to PACER, which the Court will grant. The Court has already granted Plaintiff's application to proceed IFP and finds that Mascorro falls within the class of users eligible for a fee exemption listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States. Mascorro has demonstrated that a fee exemption is necessary to avoid unreasonable burdens in litigating this case. The Court therefore **GRANTS** Mascorro an exemption from fees for PACER usage. This exemption covers only fees associated with filing and accessing the electronic documents in this action. Mascorro shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system.[2]

## III. MOTION FOR RECONSIDERATION

In an Order dated October 12, 2021, the Court denied Mascorro's motion for appointed counsel, finding that Mascorro is capable of legibly articulating the facts and circumstances relevant to the claims raised in the Complaint. (ECF No. 4.) In the motion for reconsideration (ECF No. 7), Mascorro argues that the Court should account for his hardship as a homeless person, including (1) lack of permanent mailing address and financial resources to send and receive documents by mail; (2) limited access to transportation; and (3) lack of government-issued identification to enter the court premises. The Court's grant of leave for Mascorro to file documents by CM/ECF and download his court documents free of charge alleviates his concerns about his limitations in sending or receiving documents by mail. While the Court does not discount Mascorro's other

---

[2] Mascorro is advised to review https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees regarding access to the PACER system.

hardships stemming from homelessness, the Court does not find that Mascorro's motion for reconsideration demonstrates "exceptional circumstances" that would require the Court to appoint a *pro bono* counsel for Mascorro. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Therefore, the Court **DENIES** Mascorro's motion for reconsideration.

**IT IS SO ORDERED.**

**DATED: December 8, 2021**

Hon. Cynthia Bashant
United States District Judge

- 4 -

21cv1725