UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; THE SAN DIEGO CHIEF OF POLICE; OFFICERS 1-4,<br><br>　　　　　　　　　Defendants. | Case No.:  21cv1725-LL-AGS<br><br>**ORDER TO SERVE PROCESS ON OR BEFORE APRIL 8, 2022** |

　　　　On October 5, 2021, Plaintiff, Eloy Mascorro, proceeding pro se, filed a civil rights action against the City of San Diego, the San Diego Police Department ("SDPD"), the Chief of the SDPD, and "Officers 1–4." Plaintiff previously filed another civil rights action against some of the same defendants. *See Mascorro v. The City of San Diego, et al.*, 21cv1427-LL-AGS ("*Mascorro I*").[1] Plaintiff alleges that on October 6, 2020, he was

---

[1] On October 18, 2021, Judge Bashant entered an Order to Show Cause why the two actions should not be consolidated. ECF No. 5. Because the cases involved separate events, this Court is not inclined, at this time, to consolidate the cases, but may revisit the issue later.

1

unlawfully detained, searched, and arrested in Balboa Park by SDPD officers in relation to an arson investigation. Plaintiff also claims that while in jail, his property was purposely damaged by members of the SDPD as a result of his previous police misconduct complaints. On October 10, 2021, Judge Bashant granted Plaintiff leave to proceed IFP, but denied his motion to appoint counsel. ECF No. 4. On December 12, 2021, Judge Bashant denied Plaintiff's motion to reconsider her decision not to recommend the appointment of counsel. ECF No. 8. On January 5, 2022, the case was transferred to the below signed district judge. ECF No. 11.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also* S.D. Cal. Civ. R. 41.1(a) (providing that "[a]ctions or proceedings which have been pending for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution"); *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41 (b), F. R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit"). "The exercise of the power to dismiss is discretionary and will be reversed only for an abuse." *States S. S. Co.*, 426 F.2d at 804. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

As noted above, Plaintiff filed his complaint in this case on October 5, 2021 and a summons was issued on October 12, 2021. Plaintiff has not, however, filed proof of service on any of the named defendants, and none of the named defendants have appeared. Accordingly, Plaintiff is **ORDERED** to serve a copy of the summons and complaint on the City of San Diego, and to file proof of service on CM/ECF, on or before **April 8, 2022**. The manner of service must be consistent with the Federal Rules of Civil Procedure for service of process, most importantly, Rule 4. Failure to serve any of the named defendants, or to file proof of service, on or before **April 8, 2022**, will result in dismissal of the case without prejudice.

Additionally, and as consistent with Judge Bashant's December 8, 2021 order in *Mascorro I*, 21cv1427-LL-AGS, ECF No. 8 at 6, Plaintiff may, in accordance with ECF Administrative Policies and Procedures,[2] use the Court's CM/ECF filing system to electronically file documents and receive electronic notice of case-related transmissions, so long as Plaintiff properly registers as a CM/ECF user with the Clerk's Office on or before **April 8, 2022**.

**IT IS SO ORDERED**.

Dated: March 8, 2022

Honorable Linda Lopez
United States District Judge

---

[2] Available at https://www.casd.uscourts.gov/attorney/filing-procedures.aspx.