UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-cv-1725-RSH-DDL<br><br>**ORDER: (1) STRIKING SECOND AMENDED COMPLAINT; AND (2) RE-DIRECTING SERVICE OF PROCESS OF FIRST AMENDED COMPLAINT** |

On November 21, 2025, the Court issued an Order on five separate motions related to Plaintiff's First Amended Complaint ("FAC"). ECF No. 98. Relevant here, the Court's Order granted Plaintiff leave to file a Second Amended Complaint ("SAC"), subject to a number of express limitations. *See id.* Plaintiff filed a SAC on December 28, 2025. ECF No. 99. For the reasons set forth below, the Court: (1) **STRIKES** Plaintiff's SAC; and (2) **DIRECTS** the U.S. Marshal's Service ("USMS") to re-serve Plaintiff's FAC on the remaining Officer Defendants.

I.     BACKGROUND

Plaintiff filed his Complaint in this action on October 5, 2021, based on an October 6, 2020 incident in which San Diego police officers allegedly "unlawfully detained,

searched, seized and arrested" him in Balboa Park in San Diego. ECF No. 1 at 2. The Complaint alleged that officers knowingly arrested Plaintiff without probable cause in retaliation for his prior complaints of police misconduct and prepared false police reports about the incident. *Id.* at 2–3. The Complaint further alleged Plaintiff's property was unlawfully seized by the police and later damaged, which Plaintiff discovered when he retrieved his property. *Id.* at 2. The Complaint did not identify specific causes of action, but instead alleged that "[o]n 10/6/2020 my 1st, 2nd, 4th, 6th and 14th amendment rights were violated," and further sought recovery of a civil penalty under the Bane Civil Rights Act. *Id.* at 2, 4.

On May 11, 2023, the Court dismissed the case without prejudice for failure to timely effectuate service of process. ECF No. 35. Plaintiff appealed. On April 29, 2025, the Court of Appeals vacated the order, and remanded the case with instructions to this Court to forward process to the USMS for service on the City. ECF No. 54 at 2. The mandate issued on May 19, 2025. ECF No. 55. On May 22, 2025, this Court directed service by the USMS. ECF No. 56. On May 28, 2025, the USMS served the Complaint on the San Diego City Attorney's Office. ECF No. 57.

On June 18, 2025, Plaintiff filed his FAC. ECF No. 58. The FAC names over thirty defendants. In addition, while Plaintiff's original Complaint was based on his October 6, 2020 arrest and discovery when he was released from jails days later that his seized property had been damaged, Plaintiff's FAC alleges over thirty incidents involving Plaintiff spanning from March 2020 through February 2025. Unlike the original Complaint, which did not specifically identify any causes of action, the FAC asserts eleven causes of action: (1) unlawful arrest in violation of the Fourth Amendment; (2) unlawful search and seizure of property in violation of the Fourth Amendment; (3) retaliation in violation of the First Amendment; (4) intentional misrepresentation; (5) perjury and fabrication of evidence in violation of the Fourteenth Amendment; (6) battery; (7) deliberate indifference to serious medical needs in violation of the Eighth Amendment; (8)

*Monell* liability; (9) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1; (10) conversion; and (11) denial of access to the courts in violation of the First Amendment.

On November 21, 2025, the Court issued an Order on five motions: (1) a motion to dismiss filed by the City of San Diego (the "City"), as well as individual police officers and a park ranger (collectively, the "City Defendants"), ECF No. 81; (2) a motion to dismiss filed by Joshua Culver, ECF No. 82; (3) a motion to dismiss filed by Universal Protection Service, LP d/b/a Allied Universal Security Services, sued as Allied Universal Security ("Allied"), ECF No. 83; (4) a motion for judgment on the pleadings filed by Downtown San Diego Partnership, sued as San Diego DTP ("Downtown Partnership"), ECF No. 95; and (5) Plaintiff's motion to effectuate service or re-service of process, ECF No. 77. ECF No. 98. In its Order, the Court granted Plaintiff leave to file a SAC. *Id.* 19–21, 24. On December 28, 2025, Plaintiff filed a SAC. ECF No. 99.

## II.  ANALYSIS

### A.  Scope of Leave to Amend

In its November 21, 2025 Order, the Court granted Plaintiff leave to amend as to Claims Eight and Nine against the City Defendants, Claim Four against Allied and Downtown, and Claim 10 against Downtown. ECF No. 98 at 20. In granting leave, the Court held:

> With the foregoing limitation, within forty-five (45) days of the date of this order, Plaintiff may file a second amended complaint. The Court is mindful of the fact that Plaintiff has already amended his pleading once; that his amendment multiplied dramatically the number of defendants, claims, and incidents at least loosely alleged to be at issue in this lawsuit; and that, although the majority of defendants have not yet appeared, been served, or had the opportunity to challenge the lawsuit, significant portions of the lawsuit as amended appear to be time-barred. Absent a further order of this Court, Plaintiff may not add further defendants, claims, or incidents in his second amended pleading that are not present in the Amended Complaint; although he may name any defendant previously identified by number or as a Doe defendant, provide factual elaboration of the incidents in the Amended Complaint, and provide explanation of how his claims relate to the incidents

>alleged. He may also choose to drop, narrow, or focus the defendants, claims, or incidents at issue.
>
>If Plaintiff fails to timely file a second amended pleading, the Court will deem his Amended Complaint the operative pleading. If Plaintiff files a second amended pleading that exceeds the scope of leave to amend granted herein without further order of the Court, the Court may strike the second amended pleading.

*Id.* at 20–21.

Under Federal Rule of Civil Procedure 12, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[D]istrict courts often strike new claims, parties or factual allegations of an amended complaint that are beyond the permissible scope of a court's prior order granting leave to amend." *Brown v. Stroud*, No. CV 08-2348 VRW, 2011 WL 13312050, at *3 (N.D. Cal. Jan. 28, 2011); *Strifling v. Twitter Inc.*, No. 22-CV-07739-JST, 2024 WL 54976, at *1 (N.D. Cal. Jan. 4, 2024) ("This Court and other courts in this district consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend.") (collecting cases).

Here, Plaintiff's SAC exceeds the scope of the Court's limited leave in multiple respects. Specifically, the SAC: (1) names new defendants Detective Clayton, Sergeant McAnnally, Officer Giovanetti, Ranger Piazza, and Ranger Cassidy[1]; (2) adds a new claim for "Failure to Intervene/Integral Participation"; and (3) adds a number of incidents not pleaded in Plaintiff's FAC. *See* SAC ¶¶ 124, 128, 148, 170, 191. As examples, Plaintiff newly alleges an incident occurring on April 18, 2023, in which Cassidy, Piazza, and Othniel allegedly blocked Plaintiff's path while he was riding his bicycle. *Id.* ¶ 124. According to Plaintiff, he was unlawfully detained for failing to yield to a pedestrian,

---

[1] Although Officer Giovanetti and Rangers Piazza and Cassidy were previously identified in Plaintiff's FAC, they were not named as a defendant and no claims appeared to be actually asserted against them.

despite having video evidence of the interaction. *Id.* The SAC also newly alleges an incident occurring on February 15, 2025, in which Plaintiff was denied information by an Internal Affairs dispatcher. *Id.* ¶ 128. Despite the Court's advisal that an amended pleading that exceeds the scope of the leave to amend may be stricken, Plaintiff filed an amended pleading that clearly exceeded that scope. He did so without seeking leave of the Court.

Consistent with the Court's previous advisal to Plaintiff, the Court **STRIKES** Plaintiff's SAC. *See also Costar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 150 F.4th 1056, 1064 n.1 (9th Cir. 2025) (holding that district court did not err by dismissing claims outside scope of amend); *Ross v. Wilmington Sav. Fund Soc'y, FSB*, No. 222CV07922MCSRAO, 2023 WL 4290406, at *1 (C.D. Cal. Feb. 16, 2023) (striking amended complaint where plaintiff added new causes of action exceeding scope of leave to amend).

### B. Service of Process

The Court turns next to Plaintiff's motion for an order re-directing service of process of his FAC by the USMS as to the Officer Defendants—which the Court previously granted. ECF Nos. 77; 98 at 23.

As the Court noted in its November 21, 2025 Order, Plaintiff filed Form 285s on the docket indicating that Officer Defendants Felix Campante, Geoffrey DeCesari, Nicolas Dedonato, Mackenzie Fugett, Tyler Hamby and Brian Moreno should be served at 1401 Broadway San Diego, California 92101. ECF No. 67. The USMS promptly delivered process to a "police records clerk" as to defendants Campante, DeCesari, Fugett, Hamby and Moreno. ECF Nos. 70, 72, 73, 74, 76. This service was inadequate. *See* ECF No. 98 at 22–23.

The Court redirects service of process as to defendants Felix Campante, Geoffrey DeCesari, Nicolas Dedonato, Mackenzie Fugett, Tyler Hamby and Brian Moreno by the USMS as follows. In contrast to the prior service attempt, the Court **DIRECTS** the USMS to request waivers of personal service on Plaintiff's behalf pursuant to Federal Rule of Civil Procedure 4(d).

///

The Court therefore **ORDERS** as follows:

1. The Clerk of Court is **DIRECTED** to reissue a summons as to Plaintiff's FAC and forward it to Plaintiff, along with blank U.S. Marshal Form 285s. Plaintiff must complete and file the U.S. Marshals Form 285 as accurately as possible, including a service address for each of defendants Campante, DeCesari, Dedonato, Fugett, Hamby and Moreno.

2. Upon receipt, the Clerk's Office is **DIRECTED** to transmit the completed Form 285s along with copies of the summons and Plaintiff's FAC to the USMS for service.

3. **IT IS FURTHER ORDERED** that the USMS shall: (1) serve a copy of Plaintiff's FAC and summons upon defendants Campante, DeCesari, Dedonato, Fugett, Hamby and Moreno as directed by Plaintiff on the USM Form 285s provided to him; (2) request waivers of personal service on Plaintiff's behalf; and (3) file executed waivers of personal service upon defendants Campante, DeCesari, Dedonato, Fugett, Hamby and Moreno with the Clerk of Court as soon as possible after their return. Should defendants Campante, DeCesari, Dedonato, Fugett, Hamby and Moreno fail to return the USMS's request for waiver of personal service within 90 days, the USMS must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, FAC and request for waiver was sent to such Defendant, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if defendants Campante, DeCesari, Dedonato, Fugett, Hamby and Moreno are located within the United States and fail without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon such Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

///

4.    **IT IS FURTHER ORDERED** that defendants Campante, DeCesari, Dedonato, Fugett, Hamby and Moreno shall, once served, respond to the FAC, within the time provided by Federal Rules of Civil Procedure.

In light of the Court's Order, the Court also **DENIES** Plaintiff's ex parte motion for leave [ECF No. 100], Defendants' motion to dismiss Plaintiff's SAC [ECF No. 102], and Plaintiff's cross-motion to supplement [ECF No. 104] as moot.

**IT IS SO ORDERED.**

Dated: January 15, 2026

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge