UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.:  21-cv-1725-RSH-DDL<br><br>**ORDER DIRECTING SERVICE OF PROCESS**<br><br>[ECF No. 120] |

The Court enters the following order to address service of process in this case.

On October 5, 2021, Plaintiff filed his original complaint in this matter against the City of San Diego ("City"), the San Diego Police Department, the San Diego Chief of Police, and unnamed police officers. ECF No. 1. On May 11, 2023, the Court dismissed the case without prejudice for failure to timely effectuate service of process. ECF No. 35. Plaintiff appealed.

On April 25, 2025, the Court of Appeals vacated the order, and remanded the case to provide Plaintiff a further opportunity for service of process. ECF No. 54 at 2. The mandate issued on May 19, 2025. ECF No. 55.

On May 22, 2025, this Court directed service by the USMS on the City. ECF No. 56. On May 28, 2025, the USMS served the Complaint on the San Diego City Attorney's Office consistent with Plaintiff's Form 285. ECF No. 57.

On June 18, 2025, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 58. The FAC named numerous additional defendants, with over 30 defendants in total. *Id.* On June 23, 2025, Plaintiff filed a motion for an amended summons. ECF No. 59. On July 7, 2025, the Court granted the motion, and the Clerk's Office issued an amended summons the same day. ECF Nos. 60, 61. The following day, Plaintiff moved for an order directing the USMS to serve the FAC. ECF No. 62. On July 17, 2025, the Court granted the motion. ECF No. 63. The Court directed Plaintiff to complete a Form 285 for each Defendant named in the FAC; and directed the Clerk of Court, upon receipt of the forms, to transmit the forms, as well as the FAC and the summons, to the USMS to effect service of process. *Id.* at 2.

On July 23, 2025, Plaintiff filed a motion that appeared to be seeking the same relief the Court had recently ordered. ECF No. 64. On July 30, 2025, the Court entered an order explaining:

> Per the Court's July 17, 2025 Order, Plaintiff is **DIRECTED** to complete and file a Form 285 for each Defendant named in his FAC as completely as accurately as possible on or before August 7, 2025. Upon receipt, the Clerk's Office is **DIRECTED** to transmit the completed Form 285s along with the copies of the summons and Plaintiff's FAC, to the U.S. Marshal Service for service. Plaintiff is not required to print or forward copies of his FAC and summons for service.

ECF No. 65 at 1–2 (emphasis in original). On July 30 and July 31, 2025, Plaintiff filed his Form 285s on the docket. ECF Nos. 66–68.

The USMS promptly effected service based on the addresses provided on Plaintiff's Form 285s, including for five officer defendants: Brian Moreno, Felix Campante, Geoffrey Decesari, Mackenzie Fuggett, and Tyler Hamby. ECF Nos. 70, 72, 73, 74, 76. The Court's docket reflects that process was delivered to a "police records clerk" at the address Plaintiff

21-cv-1725-RSH-DDL

provided, as to the first four individuals; as to Tyler Hamby, the USMS notation indicated, "officer no longer employed with SDPD." ECF No. 76. The USMS also served process directed to Park Ranger Zadok Othniel, Joshua Culver, Allied Universal Security Services, and San Diego DTP. ECF Nos. 75, 78-80.

The following defendants thereafter filed motions to dismiss: (1) the City, along with Officers Moreno, Campante, Decesari, Fuggett, Hamby, and Park Ranger Othniel (collectively, the "City Defendants"), ECF No. 81; (2) Joshua Culver, ECF No. 82; (3) and Universal Protection Service, LP d/b/a Allied Universal Security Services, sued as Allied Universal Security ("Allied"), ECF No. 83. Additionally, defendant Downtown San Diego Partnership, sued as San Diego DTP ("Downtown Partnership"), filed a motion for judgment on the pleadings. ECF No. 95. Plaintiff also filed a motion to effectuate service or re-service of process. ECF No. 77.

On November 21, 2025, the Court issued an order on the five motions. ECF No. 98. The Court dismissed all claims against the City, Othniel, Culver, Allied, and Downtown Partnership. *Id.* at 23-24.[1]

The Court dismissed some but not all claims against Officers Moreno, Campante, Decesari, Fuggett, and Hamby.[2] *Id.*

The Court granted Plaintiff limited leave to amend. ECF No. 98 at 19–21, 23–24. The Court advised, "[i]f Plaintiff files a second amended pleading that exceeds the scope of leave to amend granted herein without further order of the Court, the Court may strike the second amended pleading." *Id.* at 21.

---

[1] The Court dismissed Plaintiff's *Monell* claim against the City, which resulted in dismissal of the sole claim that had also been asserted against the Chief of Police, in his official capacity. As the Court explained, "[a]n official capacity suit against the San Diego Chief of Police is functionally a claim against the City." ECF No. 98 at 14 n.8 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

[2] Claims 1-3, 5, 7 and 11 remain pending against these individuals.

The Court further granted Plaintiff's motion to re-effect service. ECF No. 77. The Court determined that Plaintiff's instructions as carried out by USMS—serving process for Officers Moreno, Campante, Decesari, Fuggett, and Hamby at the address of the San Diego Police headquarters that Plaintiff provided—had not been adequate to effect service as to those officers sued in their individual capacities. *Id.* at 22–23. In light of the possibility of amendment, the Court stated that it "will issue a further order [regarding service] after Plaintiff files a second amended complaint, fails to timely make such a filing, or indicates that he does not intend to make such a filing." *Id.* at 24.

Plaintiff subsequently filed a Second Amended Complaint ("SAC"). ECF No. 99. On November 15, 2026, the Court struck the SAC on the grounds that it significantly exceeded the scope of the leave to amend previously granted. ECF No. 105. The FAC, therefore, remains the operative pleading in this case. Addressing service of process, the Court provided Plaintiff another opportunity to complete a Form 285 for each defendant with a proper service address. *Id.* at 5–7. The Court further directed that the USMS shall request waivers of service on Plaintiff's behalf, and that if defendants "fail without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon such Defendant any expenses later incurred in making personal service." *Id.* at 6.

Instead of filing a Form 285 as to any defendant, on February 10, 2026, Plaintiff filed a motion requesting various forms of relief, including that the Court order the City to produce contact information for former SDPD Officers Tyler Hamby and for John P. Clayton. ECF No. 112 at 2. Plaintiff also requested alternative service for these defendants, an order directing the USMS "to implement all authorized service methods," and an extension of time to complete service. *Id.* On February 20, 2026, the Court denied the requests, stating:

> The Court has already directed that, upon receipt of Plaintiff's completed Form 285s, the USMS will request waivers of personal service on Plaintiff's behalf. ECF No. 105 at 6. Because Plaintiff has not taken the required step to initiate this process, his request for

additional relief is premature. The Court again cautions the individual Officer Defendants that if they are subsequently located within the United States and fail without good cause to sign and return the waivers requested by the USMS on Plaintiff's behalf, the Court will impose upon each such Defendant any expenses incurred in making personal service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

ECF No. 116 at 3. The Court directed "Plaintiff to complete and file USMS Forms 285 for each of the individual Officer Defendants named in the FAC on or before March 13, 2026." *Id.* at 4. The Court also advised Plaintiff, "[f]ailure to follow these directions may result in dismissal of the unserved individual Officer Defendants from this suit." *Id.* at 4.

On March 4, 2026, Plaintiff filed numerous Form 285s. ECF No. 117. Each of these provided a business address for the San Diego Police Department headquarters. *See id.* On March 9, 2026, the Court directed the Clerk's Office to transmit the completed Forms 285, along with copies of the summons and the FAC, to the USMS for service. ECF No. 119.[3] The USMS promptly undertook service as to Officers Moreno, Campante, Decesari, Fuggett, and Hamby; as well as to Officers Mark Wright, Donald Stone, Jordan Williams, Zachary Richardson, John Clayton,[4] Walfrido Giovanetty,[5] Sean Bunch,[6] Sean Losee,[7] Joseph Nunez, and Nicholas Dedonato. On March 31, the USMS filed proofs of service for each of these defendants. *See* ECF Nos. 121–35. On each proof of service, the USMS annotated that it had served on March 13, 2026 the summons, complaint, and request for

---

[3]    Because there are no longer any claims against Allied Universal, Downtown Partnership, or the San Diego Chief of Police, the corresponding Forms 285s for those defendants were not transmitted.

[4]    Plaintiff's Form 285 indicates that Officer Clayton is the same person as Officer 6294 named in the FAC.

[5]    Plaintiff's Form 285 indicates that Officer Giovanetty is the same person as Officer 7028 named in the FAC.

[6]    Plaintiff's Form 285 indicates that Officer Bunch is the same person as Officer 6870 named in the FAC. The FAC also named "Officer Bunch" as a defendant.

[7]    Plaintiff's Form 285 indicates that Officer Losee is the same person as Officer 7176 named in the FAC.

waiver of personal service on Sergeant Emilio Ramirez with Internal Affairs. *See id.* The USMS advises that no defendant has returned a waiver of service.

The Court of Appeals stated in its April 25, 2025 order, "[b]ecause Mascorro was entitled to rely on the U.S. Marshal for service and demonstrated that he provided the necessary information, we vacate the dismissal order and remand for further proceedings." ECF No. 54 at 2. In the circumstances here, the Court determines that the USMS should provide further assistance in effectuating service of the FAC as to the 15 officer defendants identified above, for whom Plaintiff provided the headquarters address of the San Diego Police Department but did not provide any residential addresses. Accordingly, the Court **ORDERS** the USMS to contact the San Diego Police Department and obtain the current or forwarding addresses of the following defendants from the Department's records:

    (1)    Sean Losee

    (2)    Sean Bunch

    (3)    Walfrido Giovanetty

    (4)    John Clayton

    (5)    Jordan Williams

    (6)    Zachary Richardson

    (7)    Donald Stone

    (8)    Felix Campante

    (9)    Mark Wright

    (10)    Brian Moreno

    (11)    Tyler Hamby

    (12)    Nicholas Dedonato

    (13)    Geoffrey Decesari

    (14)    Joseph Nunez

    (15)    McKenzie Fuggett

The USMS shall maintain the confidentiality of any addresses obtained. These addresses shall not appear on any USMS Form 285, shall not be disclosed to Plaintiff, and

21-cv-1725-RSH-DDL

shall not be filed on the public docket. After receiving this confidential information, the USMS shall effect service of the summons and Plaintiff's FAC at the addresses provided. The USMS is directed to track the costs of service as to each defendant.

In light of the foregoing, Plaintiff's motion to clarify [ECF No. 120] is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: April 27, 2026

Hon. Robert S. Huie
United States District Judge

21-cv-1725-RSH-DDL