UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>                              Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.:  21-cv-1725-RSH-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART MOTION FOR RECONSIDERATION; AND**<br><br>**(2) DIRECTING ENTRY OF DEFAULT**<br><br>[ECF No. 137] |

On April 27, 2026, the Court entered an Order directing the United States Marshals Service ("USMS") to contact the San Diego Police Department ("SDPD") and obtain the current or forwarding addresses of defendants (1) Sean Losee, (2) Sean Bunch, (3) Walfrido Giovanetty, (4) John Clayton, (5) Jordan Williams, (6) Zachary Richardson, (7) Donald Stone, (8) Felix Campante, (9) Mark Wright, (10) Brian Moreno, (11) Tyler Hamby, (12) Nicholas Dedonato, (13) Geoffrey Decesari, (14) Joseph Nunez, and (15) McKenzie Fuggett (collectively, the "Officer Defendants"). ECF No. 136 at 6. Upon obtaining this information, the USMS was directed to effect service of the summons and

1

Plaintiff's First Amended Complaint ("FAC") at the addresses provided without otherwise disclosing the information. *Id*. at 7.

On May 1, 2026, the City of San Diego ("City") filed a motion for reconsideration on behalf of all fifteen Officer Defendants. ECF No. 137. The City requests that the Court reconsider its prior order and instead direct service of the Officer Defendants through the SDPD's Internal Affairs Division. The City explains:

> All SDPD officers may be served with a summons through the SDPD Internal Affairs Division (IAD). Notably, all SDPD officers "are required to accept personal service of summons on themselves in civil cases related to the performance of their duties." The IAD is located within SDPD headquarters, which itself is located at 1401 Broadway, San Diego, CA 92101. The IAD is open to the public and to process servers during the same hours as SDPD headquarters: Monday through Thursday from 7:00 a.m. through 4:00 p.m. A service of summons must be served on the IAD duty sergeant at the Records Division in SDPD headquarters. Once a process server notifies any Records Division clerk that they are there to serve a summons on any SDPD officer, the IAD duty sergeant is called to go to the Records Division to accept a summons on behalf of any officer who is an active employee of the SDPD. Once the IAD duty sergeant reviews the summons to ensure that the individual in the summons is properly identified, the IAD duty sergeant accepts the service of summons on behalf of the active SDPD officer and proper service of process has been completed.

*Id.* at 8. The City indicates that of the fifteen Officer Defendants, one of them, Tyler Hamby, has retired from the SDPD and moved out of state. *Id.* Thus, the method the City describes above would not be adequate to effectuate service on this defendant, who is not an "active SDPD officer"; and the City does not explain why the Court's order should be reconsidered as to this defendant.

The City states that the "closest Plaintiff came to effecting proper service of process" was in the delivery of waiver requests to the IAD on March 13, 2026. *Id.* at 9. The City contends that although "service of process was properly made to the IAD duty sergeant" on that date, "waivers of service" were served but "not the summons." *Id.* In other words, according to the City, the USMS effectuated service through the proper channel on that

21-cv-1725-RSH-DDL

occasion, but served the wrong papers. The City does not support its factual assertion with a declaration or any other evidence; it refers to but does not attach an "Exhibit A." *Id.* at 8.

In contrast, executed Form 285s on the docket indicate that, for each of the fifteen Officer Defendants, the USMS effectuated service, in the manner specified by the City, of the "SUMMONS AND COMPLAINT AND REQUEST FOR WAIVER OF PERSONAL SERVICE." *See* ECF Nos. 121–35. In other words, contrary to the unsupported assertion in the City's motion, the USMS has documented that it *did* serve the summons. If process was duly served, the fact that the summons and complaint were *also* accompanied by a request for waiver of service—as a measure ordered by the Court to facilitate the timely progress of this case in the event of any further defects in the instructions provided by Defendant on the Form 285—does not render that service invalid. It therefore appears to the Court that based on the City's acknowledgment that service was in fact made in the manner in which the City is authorized to receive process for its active police officers, that service has been duly effected as to all Officer Defendants except retired Officer Hamby. There is therefore no need to effectuate further service of these fourteen defendants at any address.

Accordingly, the Court **GRANTS IN PART** the City's Motion for Reconsideration of the Court's April 27, 2026 Order as follows. The Court **RESCINDS** that order to the extent that it directs the USMS to obtain addresses for any Officer Defendant *other than Tyler Hamby*. The USMS is ordered to proceed as to defendant Tyler Hamby as directed in the Court's April 27, 2026 Order.

As to the other fourteen Officer Defendants,[1] unless such defendants file a response to the First Amended Complaint ***on or before May 27, 2026***, the Clerk of Court **SHALL**

---

[1] These are Officers Sean Losee, Sean Bunch, Walfrido Giovanetty, John Clayton, Jordan Williams, Zachary Richardson, Donald Stone, Felix Campante, Mark Wright, Brian Moreno, Nicholas Dedonato, Geoffrey Decesari, Joseph Nunez, and McKenzie Fuggett.

21-cv-1725-RSH-DDL

**ENTER DEFAULT** against such of those defendants who fail to respond. After entry of default, Plaintiff must file a motion for entry of default judgment if he wishes to proceed against such defendants.

      **IT IS SO ORDERED**.

Dated: May 7, 2026

_Robert S Huie_
Hon. Robert S. Huie
United States District Judge

21-cv-1725-RSH-DDL